IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re:

Douglas P. Fay ) Case No.10-30748

) Chapter 11

    Debtor

) Judge Mary Ann Whipple

### MOTION TO CONVERT OR DISMISS

Now comes Daniel M. McDermott, United States Trustee, Ohio/Michigan, Region 9, and asks this Court to enter an order pursuant to 11 U. S. C. Section 1112(b) converting this case to one under chapter 7 of the Bankruptcy Code, or, dismissing this case, whichever is in the best interests of creditors.

In consideration of this motion, the United States Trustee alleges as follows:

*Factual Background*

1. On February 16, 2010, the debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code. Although the debtor filed as an individual, he is a principal in two business entities comprised of Douglas P. Fay Construction ("Fay Construction") and D. P. F. Leasing ("Fay Leasing") - neither of which filed a chapter 11 petition.

2. On March 5, 2010, at the time the United States Trustee conducted his Initial Debtor Interview ("IDI") in the office of Fay Construction, Fay Construction was for sale and empty. The debtor individually owns the real estate upon which Fay Construction is located.

3. The debtor's personal residence is titled in the name of Fay Leasing.

4. On March 4, 2010, the debtor's personal residence burned down. According to debtor,

1

the auditor valued his residence in the amount of $1,000,000.00.

5. The debtor has failed to file operating reports since the inception of this case.

6. The debtor has failed to file a disclosure statement and plan within 120 days of filing.

7. The debtor has failed to pay a quarterly fee due to the Office of the United States Trustee for the third quarter of 2010.

Therefore, cause exists to enter an order converting this case to one under chapter 7, or, dismissing this case, whatever is in the best interests of creditors, pursuant to 11 U.S.C. Section 1112.

### *Legal Authority*

6. Section 1112(b)(1) of the Bankruptcy Code provides:

Except as provided in paragraph (2) of this subsection, subsection © of this section, and section 1104(a)(3), on request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion ... is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 .... if the movant establishes cause.

7. Section 1112(b)(4)(F) of the Bankruptcy Code specifically provides for the conversion of a case for a debtor's unexcused failure to satisfy any filing or reporting requirement established by this title or by any rule applicable to a case under this title. In this case, the debtor has failed to comply with the Operating Instructions and Reporting Requirements ("OIRR") of the United States Trustee by not filing monthly financial operating reports since the inception of this case.

8. Section 1107 of the Code provides that debtors-in-possession shall perform the functions and duties of a trustee serving in a case under this chapter. Section 1106(a)(1) of the Code further provides that a debtor-in-possession shall perform the duties of a trustee specified in Section 707(7)

2

which requires debtors to furnish such information concerning the estate and the estate's interest as is requested by a party in interest, such as the United States Trustee. Furthermore, the information requested by the OIRR, ie., monthly operating reports, is required independently by law in Section 704(8), which requires debtors to file periodic reports and summaries of their business operations, including a statement of receipts and disbursements.

9. The filing of a petition creates an estate and imposes a fiduciary duty upon those who invoke the protection bankruptcy provides. In re Cohen, 173 B. R. 950 (Bankr.S.D. Fla. 1994); In re Heald, 140 B. R. 780 (Bankr. W. D. Tenn. 1992). The lack of operating reports undermines the entire chapter 11 process and constitutes cause for dismissal or conversion. In re Tornheim, 181 B. R. 161 (Bankr.S.D.N.Y. 1995); In re Roma Group, Inc, 165 B. R. 779 (Bankr.S.D.N.Y. 1994). This failure to file operating reports is cause to convert or dismiss this case.

10. Section 1112(b)(4)(J) specifically provides for the conversion or dismissal of a chapter 11 case for failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. It is now over ten months since the debtor filed for chapter 11 protection and has yet to file a disclosure statement or plan of reorganization. This failure to file a disclosure statement and plan of reorganization is also cause to convert or dismiss this case.

11. Section 1112(b)(4)(K) specifically provides for the conversion or dismissal of a chapter 11 case for failure of the debtor to pay any fees or charges required under chapter 123 of title 28. The failure to debtor to pay a quarterly fee due to the Office of the United States Trustee for the third quarter of 2010 also constitutes cause to convert or dismiss this case.

3

10-30748-maw    Doc 79    FILED 11/22/10    ENTERED 11/22/10 11:50:11    Page 3 of 4

which requires debtors to furnish such information concerning the estate and the estate's interest as is requested by a party in interest, such as the United States Trustee. Furthermore, the information requested by the OIRR, ie., monthly operating reports, is required independently by law in Section 704(8), which requires debtors to file periodic reports and summaries of their business operations, including a statement of receipts and disbursements.

9. The filing of a petition creates an estate and imposes a fiduciary duty upon those who invoke the protection bankruptcy provides. In re Cohen, 173 B. R. 950 (Bankr.S.D. Fla. 1994); In re Heald, 140 B. R. 780 (Bankr. W. D. Tenn. 1992). The lack of operating reports undermines the entire chapter 11 process and constitutes cause for dismissal or conversion. In re Tornheim, 181 B. R. 161 (Bankr.S.D.N.Y. 1995); In re Roma Group, Inc, 165 B. R. 779 (Bankr.S.D.N.Y. 1994). This failure to file operating reports is cause to convert or dismiss this case.

10. Section 1112(b)(4)(J) specifically provides for the conversion or dismissal of a chapter 11 case for failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. It is now over ten months since the debtor filed for chapter 11 protection and has yet to file a disclosure statement or plan of reorganization. This failure to file a disclosure statement and plan of reorganization is also cause to convert or dismiss this case.

11. Section 1112(b)(4)(K) specifically provides for the conversion or dismissal of a chapter 11 case for failure of the debtor to pay any fees or charges required under chapter 123 of title 28. The failure to debtor to pay a quarterly fee due to the Office of the United States Trustee for the third quarter of 2010 also constitutes cause to convert or dismiss this case.

**WHEREFORE**, the United States Trustee asks this Court to enter an order converting this case to one under chapter 7 of the Bankruptcy Code, or dismissing this case, which ever is in the best interests of creditors.

Respectfully Submitted,

Daniel M. McDermott
United States Trustee
Ohio/Michigan, Region 9

/s/ Linda M. Battisti
Linda M. Battisti (#0017046)
Trial Attorney
Department of Justice
Office of the U. S. Trustee
201 Superior Avenue E, Ste. 441
Cleveland, Ohio 44114-2301
(216) 522-7800, Est. 255
(216) 522-7193 (facsimile)

### CERTIFICATE OF SERVICE

The undersigned hereby states that a copy of this Motion was electronically served or mailed by first class U.S. mail to the parties listed below on the 22nd day of November, 2010.

Steven L. Diller, Esq.
124 E. Main Street
Van Wert, Ohio 45891

Douglas P. Fay
825 N. Kemp
Elida, Ohio 45807

/s/ Linda M. Battisti
Linda Maria Battisti